UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| CHRISTI BEARD,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE MANAGEMENT, INC. a foreign corporation, and YASHU ANAND, individually,<br><br>    Defendants. | CIVIL ACTION NO.  5:19-cv-185-TBR<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christi Beard ("Plaintiff") brings this action for unpaid compensation, unpaid overtime, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 206, and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendants in this case, Mortgage Management, Inc. and Yashu Anand, violated the FLSA by failing to pay Plaintiff for all hours worked, including time and one-half for all of her hours worked over forty (40) each workweek.

## PARTIES

7. Mortgage Management, Inc. owns and operates Country Hearth Inn & Suites, a motel with multiple locations.

8. Defendant Yashu Anand is an officer of Mortgage Management, Inc. and oversees the day-to-day operations of the business. At all times material hereto, Defendant Yashu Anand regularly exercised the authority to: (a) hire and fire employees of Mortgage Management, Inc; (b) determine the work schedules for the employees of Mortgage Management, Inc; and (c) control the finances and operations of Mortgage Management, Inc.

9. Plaintiff is an individual residing in Paducah, Kentucky.

10. Defendants employed Plaintiff from December 18, 2017 until November 20, 2019.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the Western District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, Defendants' own and operate the business located at 727 Joe Clifton Dr., Paducah, KY 42001, known as Country Hearth Inn &Suites, where Defendants also employed Plaintiff.

## COVERAGE

13. At all material times during the last two years, Defendants were an "enterprise" covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

14. At all material times during the last three years, Defendants were an "employer" as defined by 29 U.S.C. § 203(d).

15. At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times during the last two years, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

      c.      Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

17. Defendants have a common pay policy and/or pay practice which fails to pay certain non-exempt employees for all hours worked in a workweek, and at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

18. Plaintiff was hired as a front Desk Clerk in December 2017 at an hourly rate of $9.00. In her position as front Desk Clerk, Plaintiff reported directly to Defendant Anand.

19. In her position as Front Desk Clerk, Plaintiff's job duties included checking guests in and out, getting towels and other items for guests, and letting guests who have lost or forgotten their keys back into their rooms.

20. Defendants' demands on Plaintiff's time were so great that Defendants required, as a condition of employment, for Plaintiff to reside at Defendants' motel, Country Hearth Inn & Suites.

21. Each pay period, Defendants deducted $390 from Plaintiff's paycheck as payment for her required stay at Defendants' motel.

22. Defendants forced Plaintiff to live at the motel and Plaintiff's lodging at the motel was primarily for the benefit of Defendants.

23. Defendants' required lodging at the motel was substantially substandard.

24. Defendants failed to maintain accurate records of the costs incurred in furnishing lodging to Plaintiff.

25. The cost of the lodging Defendants charged Plaintiff exceeded the reasonable cost and/or fair value of the facilities furnished.

26. Plaintiff typically began working at or around 9:30 a.m. and ended at approximately 6:00 p.m., Monday through Saturday.

27. Following the end of her shift, Plaintiff was "on call" from the end of her shift at or around 6:00 p.m. to the beginning of her shift the following morning at or around 9:30 a.m.

28. During the time she was "on call," Plaintiff routinely worked an average of six hours. For this time worked, Plaintiff was paid a flat amount of $7.50.

29. Plaintiff was frequently "on call" on Sundays, as well.

30. During her "on call" time on Sundays, Plaintiff frequently worked six or more hours. For this time worked, Plaintiff as paid a flat amount of $7.50.

31. Defendants failed to record all of the hours worked by Plaintiff.

32. Plaintiff often worked in excess of forty (40) hours per week as part of her regular job duties.

33. In fact, the "scheduled" time and "on call" time required to be worked by Plaintiff often resulted in a total of more than forty (40) hours per workweek.

34. Furthermore, Defendants failed to pay Plaintiff for all hours actually worked, even for those hours that were less than forty (40) hours in a workweek. Indeed, the hours Plaintiff worked as reflected by her time punchcards were greater than the time for which Defendants paid Plaintiff.

35. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff her regular rate and overtime compensation at a rate of time and a half of her regular rate of pay for hours worked over forty (40) in a workweek.

36. Upon information and belief, Defendants had/have a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their regular and overtime hours worked.

37. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper regular rate, overtime, and "on call" compensation with respect to Plaintiff and those similarly-situated to her.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

39. Defendants have acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

40. Plaintiff repeatedly complained to Defendants about their unlawful pay policies, including Defendants' failure to pay her and other employees for all hours worked, for overtime pay, and for unlawful deductions from her paychecks.

41. When Plaintiff complained to Defendants about their unlawful acts, Defendants and Defendants' agents criticized her for doing so. Defendants then stopped providing Plaintiff and other employees with their pay stubs in an effort to hide Defendants' unlawful conduct.

42. Then, on November 18, 2019, Defendants requested that Plaintiff take a drug screen.

43. In the previous time that Plaintiff had been employed by Defendants, she was never asked to provide a drug screen nor was she aware of Defendants requiring any other employee to take a drug screen.

44. Plaintiff told Defendants that she would comply, but wanted to discuss the request with legal counsel first.

45. Later that same day, Plaintiff advised Defendants she would take the drug screen.

46. Defendants advised Plaintiff that they would need to reschedule the drug screen for another day.

47. The next day, on November 19, 2019, Defendants suspended Plaintiff from employment, without pay, allegedly because she refused to take the requested drug screen.

48. The following day, on November 20, 2019, Defendants terminated Plaintiff's employment and forced Plaintiff to vacate the motel – which had been her residence for the entirety of her employment with Defendants – by Sunday, November 24, 2019.

49. Defendants' basis for Plaintiff's unpaid suspension and termination was false; it was merely a pretext for retaliation because Plaintiff exercised her rights under the FLSA and/or opposed Defendants' unlawful practices under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

50. Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

51. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

52. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

53. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

## COUNT II – PAYMENT OF MINIMUM WAGE

54. Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

55. Defendants failed to pay Plaintiff for all hours actually worked during each workweek she has been employed by Defendants.

56. Defendants unlawfully deducted from Plaintiff's paychecks sums for lodging.

57. Defendants' failure to pay Plaintiff for all hours actually worked and Defendants' unlawful deductions resulted in Defendants failing to pay Plaintiff at the required minimum wage rate each workweek, in violation of the FLSA.

58. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff the required minimum wage, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

59. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

60. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT III – RETALIATION

61. Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

62. Plaintiff engaged in protected conduct under the FLSA by complaining about and opposing Defendants' unlawful pay practices to Defendants.

63. Defendants knew or should have known that Plaintiff engaged in conduct protected by the FLSA.

64. As a result of Plaintiff's participation in protected activity, Defendants took adverse employment actions against her, including but not limited to suspending her without pay and terminating her employment.

65. Defendants' actions constitute unlawful retaliation under the FLSA.

66. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including loss of pay and benefits, attorneys' fees, and costs.

67. Defendants' conduct violates the FLSA.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a) The payment of all unpaid wages, including all overtime hours at time and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her;

b) Liquidated damages;

c) Reasonable attorneys' fees and costs incurred in this action;

d) Pre- and post-judgment interest as provided by law;

e) Trial by jury on all issues so triable;

f) Any and all further relief that this Court determines to be appropriate.

Dated: November 27, 2019

Respectfully submitted,

*s/Adrian Mendiondo*
Adrian Mendiondo
Morgan & Morgan, P.A.
333 W. Vine St., Suite 1200
Lexington, KY 40507
Tel: (859) 469-7954
Fax: (859) 899-9765
Email: AMendiondo@forthepeople.com
*Counsel for Plaintiff*