UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| CHRISTI BEARD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MORTGAGE MANAGEMENT, INC. a foreign corporation, and YASHU ANAND, individually,<br><br>　　　　Defendants. | CIVIL ACTION NO. 5:19-cv-185-TBR<br><br><br><br>**JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

Plaintiff Christie Beard and Defendants Mortgage Management, Inc. and Yashu Anand (collectively, "Parties") hereby jointly move this Court for approval of their proposed Fair Labor Standards Act settlement pursuant to 29 U.S.C. § 216(b). In support of their joint motion, the Parties state as follows:

　　1.　　Plaintiff filed this action on November 27, 2019 (Doc. No. 1). In her Complaint, Plaintiff alleges that Defendants violated her rights under the FLSA by failing to pay her for all hours worked, for failing to pay her time and one-half her regular rate for all hours actually worked over forty in a work week, and for terminating her employment in retaliation for complaining about Defendants' alleged unlawful pay practices.

　　2.　　Defendants deny Plaintiff's allegations, including the number of hours Plaintiff alleges she worked and for which she alleges that Defendants failed to pay her. In addition, Defendants deny terminating Plaintiff's employment in retaliation for complaining about Defendants' alleged pay practices; instead, Defendants maintain that Plaintiff's employment was

1

terminated for legitimate and lawful reasons. Defendants further maintain that any and all actions taken with regard to Plaintiff's wages and termination were taken in good-faith and with the reasonable belief that Defendants acted lawfully.

3. Prior to the commencement of this action, Plaintiff's counsel reviewed her pay records and time punch cards to evaluate the merits of her potential claims and any potential damages.

4. The Parties have also served discovery requests upon one another, seeking additional documents and information. Defendant Mortgage Management, Inc. has responded to Plaintiff's Requests for Admission.

5. Since the commencement of this action, counsel for both Parties have had numerous discussions and exchanged numerous emails relating to the merits of Plaintiff's claims. In sum, the Parties dispute the extent to which Plaintiff may be entitled to relief under the FLSA.

6. Nevertheless, through arms-length negotiations, the Parties have reached a settlement in which Defendants have agreed to pay Plaintiff the gross sum of $80,000 in exchange for a full release of all claims. Of this amount, $52,000 shall be paid to Plaintiff, which shall be allocated as follows: $19,744.17 shall represent back wages, $32,255.83 shall represent non-wage[1] damages. The proposed attorneys' fees in this matter are $28,000.

7. "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v.*

---

[1] Defendants not only deny any violation(s) under the FLSA; they further maintain that, assuming Plaintiff could prove any violation(s) if this matter were to proceed to trial, Plaintiff would not be entitled to liquidated damages because Defendants acted in good faith and with the reasonable belief that they were not violating the FLSA.

*Renovo Services, LLC*, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

8. To approve the Parties' Settlement Agreement, the Court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *Brittmon v. Upreach LLC*, No. 2:17-CV-219, 2018 WL 7889855, at *1 (S.D. Ohio Nov. 8, 2018) (same standard for reasonableness in Rule 23 settlements guides the Court's review of FLSA settlements).

9. To aid the Court in its determination of whether the Settlement Agreement is fair, reasonable, and adequate, the Sixth Circuit has identified six factors to consider: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008) (citing *Granada*, 962 F.2d at 1205–06).

10. First, there was no fraud or collusion. The proposed settlement was reached after arms-length negotiations, encompassing multiple calls and emails between the Parties' counsel, both of whom are well-versed in this area of law.

11. Second, if not settled, this case would likely be litigated for more than a year. The disputed issues involving Plaintiff's alleged unpaid time do not lend themselves to easy resolution; the Parties would need to engage in substantial discovery, including the depositions of at least five witnesses. Moreover, the current COVID-19 pandemic complicates the Parties' efforts in conducting depositions and further discovery necessitating in-person meetings, likely further extending the time until ultimate resolution.

12. Third, while the Parties have additional discovery that can be completed, Plaintiff believes she has enough information to make an informed decision regarding settlement because she is in possession of her pay records and Defendants have responded to some of Plaintiff's written discovery requests. Moreover, Plaintiff's counsel has reviewed and analyzed those records to assess the value of her claims.

13. Fourth, the proposed settlement is fair and reasonable because the Plaintiff's likelihood of success on the merits is uncertain. Nonetheless, the proposed settlement compensates Plaintiff for her estimated back wages. For example, Plaintiff's Initial Disclosures in this case stated that it was Plaintiff's belief that Defendants owed her $19,479.60 in back pay. The amount being paid to Plaintiff, even after attorneys' fees, compensates Plaintiff for all back wages she likely would be able to recover at trial, plus non-wage damages.

14. Additionally, the proposed settlement compensates Plaintiff for compensatory damages she might be able to recover at trial which are related to her retaliation claim, which claim Defendants strenuously dispute. Plaintiff acknowledges that proving compensatory damages, and the amount of those damages, could prove difficult. Defendants dispute both liability and damages associated with Plaintiff's retaliation claim and the proposed settlement represents a reasonable compromise of a bona fide dispute.

15. Fifth, counsel for the Parties believe the proposed settlement is fair and reasonable under the circumstances. The proposed settlement fully compensates Plaintiff for her alleged back pay, plus a significant amount for non-wage damages.

16. Finally, "[i]f the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Crawford v. Lexington-Fayette Urban Cty. Gov't,* No. 06-cv-299-JBC, 2008 WL 4724499, at *9 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores, Inc*., 679 F.2d at 1353). Courts favor settlements as the preferred means of resolving litigation. This case is no exception.

**WHEREFORE**, the Parties request that this Court approve their proposed settlement and dismiss this action with prejudice.

Respectfully submitted,

| | |
|---|---|
| *s/ J. Corey Asay* | *s/Kif H. Skidmore (with permission)* |
| J. Corey Asay | James D. Allen |
| MORGAN & MORGAN, P.A. | Kif H. Skidmore |
| 333 W. Vine Street, Suite 1200 | STOLL KEENON OGDEN PLLC |
| Lexington, KY 40507 | 300 West Vine Street, Suite 2100 |
| Phone: 859-286-8368 | Lexington, KY 40507-1801 |
| Fax: 859-286-8384 | |
| Email: | |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

Dated: April 20, 2020

123433.165471/8194254.1